UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
Southern Division at London

| | |
|---|---|
| **BRIDGETT DINTER**;   ) | |
|           ) | |
|   *Plaintiff*;   ) | |
|           ) | |
|   *v.*   ) | No. 6:22-cv-_____ |
|           ) | |
| **ROK MIREMAMI**;   ) | |
|           ) | |
|   *Defendant*.   ) | |

## COMPLAINT

1. The Plaintiff, Bridgett Dinter, brings this action to enforce her rights under the federal Fair Housing Act, 42 U.S.C. §§ 3601–19, and the Kentucky Fair Housing Act, KRS 344.010–.680, against her landlord Rok Miremami.

2. Once Ms. Dinter informed Mr. Miremami's property manager that she needed an accommodation for a diabetes service dog, Mr. Miremami refused the accommodation and refused to renew Ms. Dinter's annual lease.  He has given Ms. Dinter notice to vacate.  Because Mr. Miremami has declined to address this disability discrimination via the interactive process that Ms. Dinter has requested, Ms. Dinter is left with no choice but bring this federal action to preserve her housing and health.

### JURISDICTION AND VENUE

3. The Plaintiff, Bridgett Dinter, is a tenant in Pulaski County, Kentucky.

–1–

4. The Court has jurisdiction under 42 U.S.C. § 3613 and 28 U.S.C. §§ 1331, 1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

6. The Plaintiff, Bridgett Dinter, is a natural person residing at 31 Charlottes Place, Somerset, Kentucky 42503.

7. The Defendant, Rok Miremami, is a natural person who is doing business under the name Rok's Rentals, with an address of 116 Amcon Drive, Somerset, Kentucky 42501.

## STATEMENT OF FACTS

8. Ms. Dinter has been a tenant of Mr. Miremami's for two years under a written, year-to-year lease.

9. Ms. Dinter is a diabetic and learned recently through her doctor that she is eligible for a diabetes service dog.  Such dogs use their trained sense of smell to ensure that if a diabetic's blood sugar gets too high or low (for example, at night) the person is alerted so that they can take appropriate action and avoid hyper- or hypoglycemia, a dangerous situation that can result in death.

10. Ms. Dinter informed Mr. Miremami's property manager of her need for a service dog and has provided a doctor's note in support of this request.   The property manager said that she spoke with Mr. Miremami who told her to "just not renew her lease."   Shortly afterwards, Ms. Dinter got a notice of nonrenewal of rental contract that purported to end her tenancy on July 31, 2022.

11. Ms. Dinter asked for her lease to be renewed and has tried engaging in an interactive process via the Lexington Fair Housing Council, but Mr. Miremami has not been cooperative. She tried to pay rent for August, but Mr. Miremami rejected her money.

12. Ms. Dinter is afraid that Mr. Miremami will try to evict her using Kentucky's forcible detainer law which can result in a set out in a matter of days.

13. Ms. Dinter and her adult autistic son do not have anywhere else to live.

*First Cause of Action – Federal Fair Housing Act*

The Plaintiff incorporates and realleges ¶¶ 1–13 by reference.

14. 42 U.S.C. § 3604(f)(3)(B) defines discrimination to include refusing to make reasonable accommodations that are necessary for equal housing opportunity to handicapped persons.

15. Mr. Miremami has refused to make such accommodations and has thus engaged in prohibited discrimination against Ms. Dinter under the Fair Housing Act.

16. Ms. Dinter has a private right of action under 42 U.S.C. § 3613(a) for actual and punitive damages, attorneys' fees, and injunctive relief, as provided for in 42 U.S.C. § 3613(c).

*Second Cause of Action – Kentucky Fair Housing Act*

The Plaintiff incorporates and realleges ¶¶ 1–16 by reference.

17. KRS 344.360(1) makes it illegal to refuse to lease housing based on disability. Kentucky law defines discrimination to include refusing to make reasonable

accommodations. KRS 344.360(11)(b).

18. Mr. Miremami's nonrenewal of Ms. Dinter's lease was due to her disability and Mr. Miremami has refused to provide any accommodation and has therefore committed unlawful discrimination in violation of Kentucky law.

19. Ms. Dinter has a private right of action under KRS 344.450 for actual damages, attorneys' fees, and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests the following relief from this Court:

1. An injunction to prevent any improper interruption of Ms. Dinter's tenancy, including any action by the Defendant through Kentucky's forcible detainer procedures, and any refusal to allow her to have a diabetes service dog;

2. Monetary damages, including punitive damages;

3. Reimbursement to the Plaintiff for the costs of this litigation; and

4. An award of attorneys' fees for legal services in connection with this action.

## **JURY DEMAND**

Ms. Dinter demands a jury trial on all triable issues.

Respectfully submitted,

/s/James Fahringer
JAMES FAHRINGER (Ky. #97877)
APPALRED LEGAL AID
108 College St.
Somerset, KY 42501
(606) 679-7313 ext. 7208
jamesf@ardfky.org

/s/ Evan B Smith
EVAN B. SMITH (Ky. #95243)
APPALRED LEGAL AID
120 N. Front Ave.
Prestonsburg, KY 41653
(606) 889-1958
evans@ardfky.org